## Case No. 878.

### BANK OF COLUMBIA v. OTT.

[2 Cranch, C. C. 529.] [1]

#### Circuit Court, District of Columbia. Dec. Term, 1824.

PLEADING—MISNOMER OF A CAUSE IN MARGIN OF PLEA

The title of the cause written in the margin of a plea is no part of the plea, but is only an intimation to the clerk in what cause he is to enter the plea; and a mistake in the name of one of the parties in the cause, made in the marginal title, is not fatal to the plea, even upon special demurrer.

The defendants pleaded the statute of limitations. [See subsequent hearing in such plea. Bank of Columbia v. Ott, Case No. 879.] The name of the plaintiffs, in the margin, or at the head of the plea, was "The President and Directors of the Bank of Columbia," whereas the corporate name of the plaintiffs was "The President, Directors and Company of the Bank of Columbia." The plaintiffs demurred specially to the plea, and assigned the same cause of demurrer as in the case of the same plaintiffs against Richard Jones, at the present term, [Case No. 870.]

Mr. Marbury, for the defendant, notwithstanding the decision of the court in that case, was permitted to argue the point again. He contended that the names of the parties in the margin do not constitute any part of the plea. 1 Chitty, 528; Dale v. Beer, 7 East, 333; Dyer v. Stevens, 6 Mass. 389.

Messrs. Key & Dunlop, contra, cited 1 Chitty, 527, 528, 645, 656; Roberts v. Moon, 5 Term R. 487.

---

## Case No. 879.

### BANK OF COLUMBIA v. OTT.

[2 Cranch, C. C. 575.] [1]

#### Circuit Court, District of Columbia. May Term, 1825.

NEGOTIABLE INSTRUMENTS—ACTION AGAINST INDORSER—PLEADING—LIMITATIONS.

In an action against the indorser of a promissory note, payable sixty days after date, non assumpsit infra tres annos is a bad plea upon general demurrer; it ought to be actio non accrevit.

[See Ferris v. Williams, Case No. 4,750; Union Bank of Georgetown v. Eliason, Id. 14,355.]

At law. Assumpsit against the administrator of [John Ott] the indorser of a promissory note, payable in sixty days after date. The defendant had pleaded "non assumpsit infra tres annos," to which the plaintiff demurred generally. [See this case at last term. Bank of Columbia v. Ott, Case No. 878.]

Mr. J. Dunlop contends that the plea is bad upon general demurrer, because the note, being payable in sixty days after date, the plea ought to have averred that the cause of action did not accrue within three years, whereas it only avers that the defendant did not promise within three years. 2 Saund. 63c, which cites Gould v. Johnson, 2 Salk. 422, 2 Ld. Raym. 838; Puckle v. Moor, 1 Vent. 191; Birks v. Trippet, 1 Saund. 33, note 2; Bull. N. P. 151.

Mr. Marbury, contra. This is an action against the indorser, whose liability did not accrue until after the note became payable; and the declaration avers, that in consideration of that liability the defendant promised to pay. It was not debitum in presenti, solvendum in futuro.

Mr. Key, in reply. The plea does not relate to the implied promise which the law raises, and which is averred in the declaration as arising from the facts previously

averred. The indorser makes a conditional promise at the time he indorses. The promise relates back to the time of the indorsement. The promise of the maker is stated in the same way, namely, "by reason whereof, and by force of the statute," &c. The liability of the indorser upon his original undertaking and the plaintiff's right of action did not accrue until sixty days after the promise; so that the promise may have been beyond the time of limitation, and the right of action within it.

THE COURT, after consideration, (THRUSTON, Circuit Judge, contra,) was of opinion that the plea of "non assumpsit infra tres annos," pleaded by the indorser of a promissory note payable sixty days after date, was bad, upon general demurrer. It ought to have been actio non accrevit.